# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 14 C 4603 |
| JOHN KARL DEAN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

John Karl Dean has moved to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. Dean also seeks an evidentiary hearing on his claims. For the reasons stated below, the Court denies Dean's request for an evidentiary hearing and denies his section 2255 motion.

## Background

On September 23, 2010, Dean was charged with violation of 18 U.S.C. § 2252A(a)(1) (transportation of child pornography) and 18 U.S.C. § 2252(a)(5)(b) (possession of child pornography) for transporting thousands of digital files of child pornography across the U.S.-Canada border on his laptop computer. At the time of his arrest, the SEC was also investigating Dean in relation to his role with Little Shell Gold Quest International. The SEC never filed any charges against Dean. After his arrest at the Canadian border, Dean was convicted of a child pornography offense in that country. He served twenty-one months in a Canadian prison before he was returned to the United States, where he was then prosecuted on U.S. child pornography charges.

1. **The change of plea hearing**

On April 27, 2011, Dean was arraigned, and the Court appointed Francis Baumgart to represent him. Dean entered a plea of not guilty.

On September 13, 2011, Dean appeared for a change of plea hearing. Dean withdrew his plea of not guilty and entered a plea of guilty to the charge of transportation of child pornography. At the hearing, the Court questioned Dean to make sure that he was competent, he had the assistance of an attorney, he understood the nature of the charges and the possible penalties, he understood the rights he was giving up, and he was pleading guilty knowingly and voluntarily. Before accepting Dean's guilty plea, the Court explained to Dean that section 2252(a)(1) did not require knowledge of illegality, but only knowing transportation of child pornography across state lines or an international border.

During the hearing, Dean stated under oath that he had enough time to talk with his lawyer about his decision to plead guilty and that he was satisfied with both the advice given and the work that his lawyer had done. He also stated that he had told his lawyer everything he knew regarding the case. Dean further stated that he understood everything in the plea agreement he signed. He affirmed that he was pleading guilty to the charge on his own free will and that he had not been coerced or promised anything other than what was in the plea agreement. Dean also made it clear that he understood what the government would have to prove to convict him. He also affirmed, in response to detailed questions, that he understood how the Sentencing Guidelines worked and how the Court would go about sentencing him.

## 2. The sentencing hearing

Prior to his sentencing hearing on February 22, 2012, Dean filed a *pro se* motion to vacate his guilty plea, claiming he had been coerced to plead guilty and that he had not been advised of his rights. The Court denied this motion, pointing out among other things that during the guilty plea hearing, Dean had stated under oath that he had not been pressured or coerced and had affirmed his awareness of his rights. *See* Case No. 10 CR 787, Feb. 22, 2012 Tr. at 4-13.

Next, Dean confirmed that he had read the presentence report and had discussed it with his lawyer. *Id.* at 15. Addressing issues under the advisory Sentencing Guidelines, the Court overruled the government's contention that Dean was not entitled to credit for acceptance of responsibility. *Id.* at 19-25. After crediting Dean with acceptance of responsibility, the Court found that the advisory range under the Sentencing Guidelines was 151 month to 188 months imprisonment.

The government argued that Dean's involvement in a Ponzi scheme and the resulting SEC investigation warranted an enhanced sentence. Dean's counsel argued that the Court should not take this into consideration in imposing sentence. The Court agreed with Dean and did not take Dean's involvement in these matters into account.

The Court concluded that the advisory Guidelines range was too severe and used a below-range starting point of 108 months. The Court then concluded that it should give Dean credit for the twenty-one months that he had served in prison in Canada on related charges. As a result, the Court imposed a prison sentence of eighty-seven months, as well as lifetime supervised release.

### 3.  The appeal

On appeal, Dean challenged this Court's interpretation of section 2252A(a)(1), as well as the sentence.  Dean contended, among other things, that a factual basis for his plea was lacking because he never admitted to knowing that his transportation of child pornography across a foreign border violated the law.  The court of appeals rejected this argument, concluding that Dean's guilty plea foreclosed any argument on appeal about the elements of the crime.  *United States v. Dean*, 705 F.3d 745, 747-48 (7th Cir. 2013).  The court went on to held that even if Dean had not waived the issue by pleading guilty, his argument would fail on the merits.  *Id.* at 748.

The court of appeals also rejected Dean's arguments regarding his sentence.  It noted that the Court had imposed a below-Guidelines sentence and had also credited Dean for the time he had served in Canada.  The court of appeals determined that the sentence was substantively reasonable and that there had been no procedural error.  *See id.* at 750.

For these reasons, the court of appeals affirmed Dean's conviction and sentence.

## Discussion

In his section 2255 motion, Dean asserts three claims of ineffective assistance of counsel, though the third claim actually amounts to a hodge-podge of separate claims.  First, he claims that counsel was ineffective for failing to object to consideration of the SEC matter in connection with the sentencing.  Second, Dean claims his counsel performed ineffectively in negotiating a plea agreement with the government.  Dean's third claim involves a series of contentions:  counsel did not give Dean adequate advice regarding the decision whether to plead guilty; should have moved to suppress

4

evidence; should have offered evidence and legal authorities relevant to sentencing; and had a conflict of interest.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny, a claim of ineffective assistance of counsel has two components. First, the defendant must show that counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness. Second, the defendant must show that but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 688, 694. If the defendant cannot establish one of the two necessary elements, the Court need not consider the other. *Id.* at 697.

**1.    Ineffective assistance at sentencing**

Dean's first claim is that his lawyer should have objected to the Court's consideration of the SEC matter in aggravation at sentencing. The answer to this is twofold, and quite simple. First, counsel *did* object to the Court's consideration of this information, as did defendant himself. *See* Feb. 22, 2012 Tr. at 36-37, 40. Second, and just as importantly, the Court *did not* take the SEC matter into consideration in imposing sentence and said exactly that: "I'm not going to take what I will call the SEC matter into account in sentencing Mr. Dean." *Id.* at 40. The prejudice component of an ineffective assistance claim regarding sentencing requires a defendant to show a reasonable possibility that the sentence would have been different but for counsel's allegedly deficient performance. *See, e.g., Bailey v. United States*, 566 F. App's 512, 514 (7th Cir. 2014). Given the circumstances, Dean cannot make the necessary showing.

## 2. Ineffective assistance during plea negotiations

Dean's second claim is that his lawyer did a deficient job in attempting to negotiate a favorable plea agreement. Specifically, Dean appears to contend that his lawyer should have negotiated for a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which permits a plea agreement in which the parties agree to a particular sentence, subject to the Court's approval. The short answer to this is that there is no indication that the government would have agreed to anything of the kind. The Court also notes that as the government points out, it is exceedingly rare for the U.S. Attorney's Office in this district to enter into a Rule 11(c)(1)(C) plea agreement unless the defendant is providing assistance in investigating or prosecuting others. *See* Gov't's Resp. at 10. In sum, Dean cannot make the necessary showing of prejudice on this claim.

## 3. Miscellaneous ineffective assistance claim

Dean's third claim is actually a handful of disparate claims of ineffective assistance. He contends that his attorney did not advise him adequately regarding his decision to plead guilty; did not move to suppress evidence; did not present relevant evidence and legal authorities at the sentencing hearing; and had a conflict of interest.

These claims are deficient because they are vague and unsupported. Dean claims that his attorney had "an actual conflict of interest" and "owed a 'duty' other than to Mr. Dean . . . [that] was in conflict with the duty owed to Mr. Dean." Sec. 2255 Mot. ¶ 33. However, Dean makes no effort to explain this allegation or even to identify the source of the claimed conflict. Similarly, Dean makes no effort to identify what evidence or arguments he thinks counsel should have presented but did not or what "unlawful,

false and unreliable evidence" he thinks counsel should have objected to but did not. *See id.* ¶ 32. He also fails to identify the evidence he thinks counsel should have moved to suppress, let alone what the basis for suppressing the unnamed evidence might be. *See id.* ¶ 31.

Dean's claim about the guilty plea process seems to duplicate, or at least overlap with, his second claim addressed earlier, concerning counsel's purported failure to seek a plea agreement under Rule 11(c)(1)(C). But all Dean says is that counsel "failed to advise [him] as to all facts and law relevant to his decision to plead guilty", *see id.* ¶ 30; he does not identify what he thinks counsel did not tell him. Dean also says that if he had been better advised, there is a reasonable probability that he would have pled guilty pursuant to a better plea agreement. *See id.* The Court has already rejected that argument, given the absence of any reason to believe that any better plea offer might have been available. In any event, "[a]n ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F,3d 665, 660 (7th Cir. 2001).

For these reasons, the Court rejects Dean's third claim.

**4.     Evidentiary hearing**

As indicated earlier, Dean has requested an evidentiary hearing. An evidentiary hearing on a section 2255 motion is warranted only if the movant "alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (internal quotation marks omitted). To warrant an evidentiary hearing, unsupported assertions are not enough, *see id.*; yet unsupported allegations are all that Dean has offered. The Court concludes that there is no appropriate basis to order an

7

evidentiary hearing.

## Conclusion

For the reasons stated above, the Court denies Dean's section 2255 motion and directs the Clerk to enter judgment denying the motion with prejudice. The Court also declines to issue a certificate of appealability, because the lack of merit of Dean's claims is not fairly debatable.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 23, 2014